The King *v.* Andreas Camacho,—Motion in arrest of judgment.

## SUPREME COURT—IN BANCO.

———

## OCTOBER TERM—1872.

*Allen, Ch. J., Hartwell and Widemann, J. J.*

———

THE KING *vs.* ANDREAS CAMACHO—MOTION IN ARREST OF JUDGMENT.

THE STATUTE is CONSTITUTIONAL which enacts that a verdict by nine jurors is sufficient.

### OPINION OF THE COURT BY HARTWELL, J.

The prisoner was found guilty of murder by a verdict of nine jurors, three jurors finding him guilty of manslaughter. The defendant's counsel move in arrest of judgment on the ground that the statutes of 1847 and 1859, by which a verdict is legal and conclusive in which nine out of twelve jurors agree, are contrary to the organic Acts of 1842, 1852, and 1864. The enactments referred to are as follows, viz. :

" When a man is tried for a capital offence, he shall not be condemned to die unless the jury is perfectly agreed. But in trials for other crimes, three-fourths of the jury shall be sufficient to decide the case."—Ch. 47, Blue Book, p. 177, entitled "A Law for the Regulation of Courts," approved by the Nobles and Representatives and by His Majesty Kamehameha III and the Kuhina Nui, Kekauluohi, at Lahaina, May 5th, 1842.

"No jury for the trial of any civil or criminal case shall be less than twelve in number, but when any nine of such jury shall agree upon a verdict they may render the same, and such verdict shall be as valid and binding upon the parties as if rendered by all twelve." * * "The forty-seventh chapter of the laws passed at Lahaina, Maui, on the fifth day of

May, A. D. 1842, shall be considered as repealed, and this to have been substituted in place thereof for all judicial purposes under the laws of this kingdom."—Sec. 21, p. 63, and Sec. 1, p. 65, Statute Laws 1847, enacted by the Nobles and Representatives and approved by His Majesty Kamehameha III and the Premier, Keoni Ana, at Honolulu, September 7th, 1847, entitled "An Act to organize the Judiciary Department."

"The right of trial by jury in all cases in which it has been heretofore used in this kingdom shall remain inviolate forever."—Art. 6, Constitution granted by His Majesty Kamehameha III, by and with the advice and consent of the Nobles and Representatives, June 14th, 1852.

"All the provisions of existing statutes in reference to jurors and the trial by jury shall continue in force and be applicable to the Supreme and Circuit Courts provided for in this Act, not only as to the selection and drawing of jurors, but in every other respect."—Sec. 51 of an Act entitled,— An Act relating to the Judiciary Department, "enacted by the King, the Premier and Nobles resident near His Majesty," December 3d, A. D. 1852, and approved May 26th, 1853.

"No jury for the trial of any case, civil or criminal, shall be less than twelve in number; but when nine of such jury shall agree upon a verdict, they may render the same, and such verdict shall be as valid and binding upon the parties as if rendered by all twelve."—Sec. 1203, Civil Code, "enacted by the King, Nobles and Representatives," approved May 17th, 1859, by the King and Premier, to take effect by its provisions, August 1st, 1859.

"In all cases in which the right of trial by jury has been heretofore used, it shall be held inviolable forever, except," &c.—Art. 7 of the Constitution granted by His Majesty Kamehameha V, August 20th, A. D. 1864.

I have referred to all the statutory enactments on this subject, by which it appears that the statute of 1842, which is

The King *v.* Andreas Camacho,—Motion in arrest of judgment.

founded on no previous constitutional enactment or bill of rights, was expressly repealed, and a new statute enacted in its place, April 7th, 1847. Each enactment issued from the same law-making source. The constitutional provision of June 14th, 1852, securing inviolate the trial by jury must refer to that right only which was in existence at the date of the Constitution. The same right is expressly secured by the enactment or resolution of May 26th, 1853, and by the statute of August 1st, 1859, and guaranteed by the present Constitution. To legalize a verdict by less than nine jurors would require a constitutional enactment, but the repeal of the Act of 1842 and the enactment of the Act of 1847 were by the constitutional law-making power of the kingdom, and the subsequent constitutional provision can by no rule of law or construction, if there were occasion for construction, be understood as referring to a repealed statute, and to have the effect of repealing the express existing statutes of the realm. It can not for a moment be held that constitutional amendments were necessary in order to repeal such enactments of the early Legislature as were not in the form of fundamental, constitutional law. If such view were sound, then no statute conflicting with or repealing the statutes of 1842 is now the law of the land, unless the earlier statutes have been repealed by subsequent constitutional provisions, and we should have to refer to the laws of the Blue Book to govern a large proportion of our judicial proceedings. The idea seems to me to be so entirely unfounded in law, fact, or generally recognized reasoning, that the statement of the proposition seems to me to carry with it sufficient refutation.

C. C. Harris (W. C. Jones and F. H. Harris with him), for the motion.

Attorney General S. H. Phillips, *contra.*