# REPUBLIC OF HAWAII *v.* G. L. EDWARDS.

### EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

### WRIT OF ERROR TO SAME COURT.

### SUBMITTED SEPTEMBER 26, 1898.    DECIDED NOVEMBER 4, 1898.

### JUDD, C.J., WHITING, J., AND A. G. M. ROBERTSON, OF THE BAR, IN PLACE OF FREAR, J., ABSENT.

It is not error for the court to refuse to charge the jury that they cannot convict a person accused of an offense, upon the uncorroborated testimony of an accomplice.

Although the sovereignty and property of the Government of the Hawaiian Islands have been ceded to the United States of America and accepted by it, the laws of Hawaii (except such as were enacted for the fulfillment of treaties extinguished by Annexation, or inconsistent with the Resolution of Annexation or with the Constitution of the United States or its treaties) remain in force until the Congress of the United States shall otherwise determine.

Trial and conviction of a person of an "infamous crime" upon an indictment not found by a Grand Jury is not contrary to the Fifth Amendment of the Constitution of the United States, such amendment applying only to the Federal courts of the United States and the Circuit Courts of Hawaii not being such courts.

The Fourteenth Amendment of the Constitution of the United States that "no State shall deprive any person of life, liberty or property without *due process of law*" did not secure to the defendant the right of an unanimous verdict of guilty in order to convict him legally. "Due process of law" means the settled course of judicial procedure as determined by the law of the State. The law of Hawaiian criminal procedure was pursued in this case. The defendant was therefore convicted by "due process of law."

The defendant was indicted in the Circuit Court, First Circuit, of the crime sodomy, tried, convicted of an attempt to commit the same and sentenced therefor. His case comes to us upon a bill of exceptions and a writ of error raising the same questions of law as were sued out according to statute. By agreement the cases were heard together.

We consider the points of exception and assignments of error somewhat out of their order and take up first the question raised upon an exception by defendant as follows:

The defendant's counsel asked the court to charge that "the evidence of the prosecuting witness must be corroborated. It is not alone sufficient to convict." This was refused. On this point the judge charged as follows:

"The only direct evidence for the prosecution is that of the witness Kui. This evidence must be weighed by you with caution and if you find it false you must give defendant the benefit of such finding. I repeat, it must be weighed with caution, but if, after having carefully weighed his testimony you believe it to be true it will be your duty to rely upon it and return a verdict in accordance therewith." * * * "As regards corroboration I charge you that, under our statute, corroboration of the testimony of the complaining witness Kui, is not necessary. In some crimes our statute declares that corroboration of the testimony of the complaining witness is necessary, but sodomy is not one of them, it coming under a subsequent statute. Whether you will convict or not I do not know, but what I say is that you can do so under our statute. Now, gentlemen, in regard to the testimony in this case. It is hardly necessary to define a reasonable doubt as being founded upon reason. If upon a candid. impartial investigation of all the evidence in this case you are not satisfied beyond a reasonable doubt as to the guilt of the defendant of the charge, at the time and place named in the charge to have been committed, then in such case you must give

defendant the benefit of that doubt and acquit him. On the contrary if, after such examination you are satisfied that you have an abiding conviction of the truth of the charge against defendant, and you are satisfied beyond a reasonable doubt, you must convict him."

Although our statute requires that on a charge of rape the testimony of the prosecutrix should be corroborated; no statute in Hawaii requires that on a charge of sodomy, the testimony of an accomplice should be corroborated by other evidence. Counsel for defendant contends that though our statute punishing this offense does not require corroboration of an accomplice, the offense charged here is of such a nature that the general rule allowing the jury to convict upon the uncorroborated testimony of an accomplice does not apply. We find no case where this particular offense is treated as an exception. It may be made so by statute. The trial court charged that the jury could convict on the testimony of the complaining witness alone. It seems to have been assumed that the complaining witness was an accomplice though neither the court nor the jury were asked to find him to be so. We assume that he was an accomplice to the attempt. Roscoe says, "It has been repeatedly laid down that a conviction on the testimony of an accomplice uncorroborated is legal." The point was considered by the twelve judges (England) and so decided in *Re v. Atwood*, 1 Lea 464, and 1 Roscoe, Crim. Ev. p. 201, 8th Ed. It was so held in *The King v. Wo Sow*, 7 Hawn. 737.

Sackett's Instructions to Juries, p. 643, says, "While it is a rule of law that a person accused of crime may be convicted upon the uncorroborated testimony of an accomplice, still, a jury should always act upon such testimony with great care and caution, and subject it to careful examination in the light of all the other evidence in the case; and the jury ought not to convict upon such testimony alone, unless, after a careful examination of such testimony, they are satisfied beyond any reasonable doubt of its truth, and that they can safely rely upon it."

This is substantially the charge of the court in the case before us. The charge is supported by the following authorities. "It is competent to convict a person charged with the commission of a crime on the testimony of an accomplice alone." *Com. v. Bosworth*, 22 Pick. 397. This was affirmed in a later case *Com. v. Holmes*, 127 Mass. 424. "It is conceded, with great uniformity, that a conviction based upon the uncorroborated testimony of an accomplice is legal." *State v. Watson*, 31 Mo. 364. "It is competent for the jury to convict upon the uncorroborated testimony of an accomplice." *Lindsay v. People*, 63 N. Y. 157. "But there may frequently occur other cases, where, from all the circumstances, the honest judgment will be as thoroughly satisfied from the evidence of the accomplice of the guilt of the defendant, as it is possible it could be satisfied from human testimony—and in such case it would be an outrage upon the administration of justice to acquit." *Collins v. People*, 68 Ill. 591.

While the citations might be greatly extended showing that courts hold that convictions may be had upon the unsupported testimony of accomplices, courts have generally given further advice or directions of the jury trying such a case. For example, in *Com. v. Bosworth, supra*, the court adds to the statement that the jury are competent to convict on uncorroborated evidence, that the court should advise the jury to acquit where there is no evidence other than the uncorroborated testimony of an accomplice. Roscoe says the practice of judges is almost invariably to advise juries not to convict upon the evidence of an accomplice who is uncorroborated, and yet the learned author says that though a judge should so advise the jury the appeal court would be bound to hold that a judge who did not so advise them would be right. 1 Roscoe, Crim. Ev. p. 202. The principle is thus expressed by Jervis, C. J., in *Regina v. Stubbs*, 33 Eng. L. & Eq. R. 552, "It is not a rule of law that accomplices must be confirmed in order to render a conviction valid, and it is the duty of the judge to tell the jury that they may act on the unconfirmed testimony of an accomplice; but it is usual in practice for

the judge to advise the jury not to convict on such testimony alone; and juries generally attend to the judge's direction and require confirmation. But it is only a rule of practice." * * * "In this case the jury have acted on the evidence and we cannot interfere." In the same case Wildes, J., said, "This is not a question of law, but of practice and questions of law can only be reserved for our opinion." Conviction affirmed. It is held in the *State v. Wolcott,* 21 Conn. 281, "The degree of credit which is given to an accomplice is a matter exclusively for the jury to say. Courts frequently and ought to advise caution in reposing confidence in the naked testimony of an accomplice; but this is rather in the exercise of a judicial discretion, than because the law demands it." *State v. Potter,* 42 Vt. 505, is an instructive case on this point.

In our case we are removed from all difficulty on this point by referring to the bill of exceptions and the defendant's requests for instructions. All the defendant asked for was the bald instruction that the jury *"could not convict on the uncorroborated evidence of the accomplice."* Counsel did not ask the court to advise the jury not to convict on such evidence. And if the failure or neglect to so advise the jury (the court not being asked to do so by defendant) should be contended to be erroneous, we answer that the defendant cannot avail himself of it in this case, for he has not made the omission of the judge to so advise a matter of exception nor an assignment of error. See Sec. 4, Chap. LVI of the Laws of 1892.

We sum up our views as follows: (1) The jury should be cautioned as to giving credit to the testimony of an accomplice. (2) The jury may be instructed that they may convict on the uncorroborated testimony of an accomplice. (3) It is, if the case warrants it, discretionary with the court to advise the jury not to convict on such testimony. We presume the court has the power to so advise in every proper case.

A supplementary brief by counsel for defendant refers us to *Medis et al. v. The State of Texas,* reported in 11 So. W. 112,

where it is held that on a trial for sodomy the testimony of the person on whom the offense was committed must be corroborated, if he consented, and the jury must be so instructed where the question of consent is in doubt." Reference to *Barbara v. State*, 42 Tex. 262, will show that a statute of that state required the testimony of an accomplice to be corroborated.

On the empanneling of the jury to try the case it appeared that three of the jurors were not naturalized citizens of the United States of America nor had they taken an oath to support the constitution of that country. They had taken the oath to the Republic of Hawaii required by Art. 101 of the constitution. An objection to their being sworn was overruled and exceptions taken. We are of opinion that the jurors were not thereby disqualified. Suitable persons who are residents of the Hawaiian Islands may be called as jurors. Jury service is not limited to citizens of the Republic of Hawaii or of the United States or of any other country. This is by the laws of Hawaii.

The court takes judicial knowledge that the sovereignty, territory and property of the Republic of Hawaii have been transferred to the United States, but by the terms of the compact of Annexation, generally called the "Newlands' Resolution," not only are all civil, judicial and military powers exercised by the officers of Hawaii vested in such persons as the President of the United States shall direct, to continue until the Congress of the United States shall provide for the government of these Islands, but the municipal legislation of the Hawaiian Islands "shall remain in force until Congress shall otherwise determine," (excepting only laws enacted for the fulfillment of treaties extinguished by annexation and not inconsistent with the resolution itself nor contrary to the constitution of the United States nor its existing treaties.) Congress has not yet provided for the government of Hawaii.

The President of the United States by his proclamation delivered on the twelfth of August last, continued in office all the existing officers of the Hawaiian government, and only required

them to take an oath of fidelity to the United States. As jurors are not officers of the government (*Queen v. Lui Self*, 8 Haw. Rep. 434) they are not required to take the said oath. This exception is overruled.

All the proceedings against the defendant from the time of his arrest to his conviction and sentence were conducted in the method prescribed by Hawaiian law. He was arrested on a warrant sworn to, charging him with the offense stated. He was brought before the magistrate of the district where the offense was alleged to have been committed. He had counsel and waived an examination and was committed for trial at the next term of the Circuit Court, First Circuit. He was indicted at that term by the Attorney-General and a "true bill" was found thereon by the presiding judge of the Circuit Court, to which he plead not guilty. A jury of twelve persons was drawn and their qualifications having been tested by counsel on both sides, the right of challenge exercised the jury was sworn; testimony taken on both sides, counsel addressed the jury, the court charged them and a verdict of guilty of an attempt to commit the offense charged was rendered by ten of the jury. Each step taken was in strict conformity to the statutes of Hawaii, its rules of procedure in criminal cases and the rules of practice of the court. Defendant's exceptions and his assignments of error do not contend that any deviation was made from Hawaiian law, in fact, he concedes that the trial was regular and conformed to the laws of Hawaii. But defendant's counsel contended that the court was without jurisdiction to try his client, because (1st) the indictment was in the name of the "Republic of Hawaii," which Republic, having ceded its sovereignty to the United States, no longer exists. The offense was alleged to have been committed in Hawaii which was now territory of the United States. (2) The Attorney-General of Hawaii had ceased to exist as such. (3) The defendant had not been tried upon an indictment duly presented and a true bill found by a Grand Jury properly and duly summoned, defendant's offense as charged appearing to be

37

an "infamous crime." (4) An objection to the verdict returned by only ten of the twelve jurors was also made, defendant claiming that in United States courts the verdict must be unanimous.

The President of the United States, acting under the Newlands' Resolution, proclaimed that the Government of the Hawaiian Islands "shall continue without interruption." No new scheme of government has been provided for these islands, the constitution and existing laws, therefore, must continue. It was so contemplated by the letter of the resolution itself. Its legal effect is that the sovereignty of Hawaii passed to the United States, while the laws of Hawaii were continued by the new sovereignty, for the time being and until a new system of government and laws be made for us. It must be so, or we would have no law. But it is urged that some of our municipal legislation is contrary to the constitution of the United States, and that, particularly, the trial of the defendant without presentment by a Grand Jury is contrary to the Fifth Amendment to the constitution of the United States, and that the verdict, not being unanimous is inconsistent wih the Fourteenth Amendment, because the conviction was not had by "due process of law." A complete answer to these propositions is that there is no Hawaiian statute authorizing a Grand Jury or requiring unanimity of the jury in their verdicts, and to adopt these provisions in our criminal procedure without a statute authorizing them would violate the letter of the Newland's Resolution which continues our laws and does not make new ones for us. But it has been established by a series of interpretations by the Supreme Court of the United States that the Fifth Amendment requiring indictments by grand juries applies only to the sphere of the Federal Government, its courts and officers. The first and leading case is *Barron v. Baltimore*, 7 Pet. 243, where Chief Justice Marshall held (in 1833), that the Fifth and Sixth Amendments were "not designed as limitations upon the state governments in reference to their citizens, but exclusively as to restrictions upon federal power." Affirmed in 1868 in the case of *Twitchell v.*

*Commonwealth*, 7 Wall. 321, opinion by Chase, C. J., and again in *Thorington v. Montgomery* 147 U. S. 490 in 1893, opinion by Fuller, C. J.

The Fifth Amendment applies only to the federal courts of the United States. The circuit courts of the Republic of Hawaii are not courts of the United States and therefore the Fifth Amendment does not apply to them. Nor does the Fourteenth Amendment, that "No State shall deprive any person of life, liberty, or property, without *due process of law*" secure to the defendant the right of an unanimous verdict of guilty, in order to convict him legally. "Due process of law means the settled course of judicial procedure as determined by the law of the State." *Hall v. Armstrong*, 65 Vt. 421. "The States, so far as this amendment is concerned, are left to regulate trials in their own courts in their own way. A trial by jury in suits at common law pending in the State courts is not, therefore, a privilege or immunity of national citizenship which the states are forbidden by the Fourteenth Amendment to abridge. A state cannot deprive a person of his property without due process of law; but this does not necessarily imply that all trials of State courts affecting the property of persons must be by jury. This requirement of the constutition is met if the trial is had according to the settled course of judicial proceedings. Due process of law is process due according to the law of the land." *Walker v. Sauvinet*, 92 U. S. 92. Opinion by Waite, C. J. *Kennard v. Louisiana, id.* 480; *In re Man Nun*, 7 Haw. Rep. 459. In Mississippi a statute provided for a jury of six in cases of lunacy. It was held that it did not conflict with   *   *   *   the Fourteenth Amendment to the Federal constitution which provides that no person shall be deprived of life, liberty or property, except by due process of law. *Fant v. Buchanan*, 17 So. Rep. 371.

Grand juries have never been authorized in Hawaii. By our earliest law on the subject the prosecution of all offenses punishable by law devolved upon the Attorney-General. This law was enacted in 1847 (Vol. 2, Laws of 1846-7) pp. 264, 265 *et seq.*

This officer was required to prepare bills of indictment, after examination of the offender, to be certified a true bill by the presiding judge, and his system has continued up to the present.

Unanimity of the jury has never been required in Hawaii. On the 5th May, 1842, the king and chiefs passed a "law for the regulation of the courts." Section 20 reads, "When a man is tried for a capital offense, he shall not be condemned to die unless the jury is perfectly agreed. But in trials for other crimes three-fourths of the jury shall be sufficient to decide the case." This was followed by the "Act to organize the Judiciary Department," passed Sept. 7, 1847. Section XXI of the Act, Vol. II, Acts 1846 and 1847, p. 63, prescribed that "no jury for the trial of any civil or criminal case shall be less than twelve in number; but when nine of such jury shall agree upon a verdict, they may render the same, and such verdict shall be as valid and binding upon the parties as if rendered by all twelve." This provision was continued without change in the Civil Code adopted in 1859, Sec. 1203, and is law up to the present day. The statute which enacts that a verdict by nine jurors is sufficient was held to be constitutional in *The King v. Andreas Camacho*, 3 Haw. Rep. 385.

A conviction by nine jurors is a conviction by "due process of law," and is not in conflict with the constitution of the United States.

Having thus considered all the points of objection raised by defendant's counsel either upon exceptions or by the writ of error, we overrule them all, and affirm the conviction.

*Attorney-General Smith* and *E. P. Dole*, his deputy, for prosecution.

*G. A. Davis* for defendant.