## TERRITORY *v.* H. E. WILSON.

### No. 1366.

EXCEPTIONS FROM CIRCUIT COURT THIRD CIRCUIT.
HON. J. W. THOMPSON, JUDGE.

SUBMITTED APRIL 20, 1922.        DECIDED APRIL 29, 1922.

PETERS, C. J., EDINGS AND PERRY, JJ.

EVIDENCE—*res gestae.*

> Proof of other offenses of a similar nature at or about the same time may be admitted to prove *scienter* or guilty knowledge or to make out the *res gestae.*

SODOMY—*what constitutes.*

> Under our statute (R. L. Sec. 4154) sodomy may be committed *per os* as well as *per anum.*

SAME—*emission.*

> Upon a trial for sodomy it is unnecessary to prove emission upon the part of the defendant.

#### OPINION OF THE COURT BY EDINGS, J.

The defendant was indicted by the grand jury of the October 1921 term of the circuit court of the third circuit, the indictment being in part as follows: " * * * that * * * on or about the 4th day of March * * * One Thousand Nine Hundred and Twenty, feloniously, wickedly and against the order of nature, did receive the sexual organ of a male being, to wit, a boy named * * *, into his, the said * * *'s mouth, and then and there felonious-

ly, wickedly and against the order of nature * * * did then and there and thereby commit and perpetrate the abominable and detestable crime of sodomy." There were various exceptions taken by the defendant at the trial and embodied in the bill of exceptions.

The exceptions numbered 1, 2, 3, 4 and 5 relate to the introduction of testimony, on the part of the Territory, of certain witnesses who were in the home of the defendant at the time of the commission of the alleged crime, and upon whom the defendant at the same time and place was alleged to have perpetrated a similar crime. We are of the opinion that this testimony was admissible as part of the *res gestae.*

"The rule of law is well settled that proof of other offenses may be admitted to prove *scienter* or guilty knowledge or to make out the *res gestae.* * * *" *The Queen* v. *Leong Man,* 8 Haw. 341; *Republic* v. *Tsunikichi,* 11 Haw. 341; *Republic* v. *Yamane,* 12 Haw. 189, 217; *Territory* v. *Watanabe Masagi,* 16 Haw. 196, 222.

Exception 6 is to the effect that the prosecution has not fixed the time at or near the 4th day of March, 1920, the indictment charging the commission of the offense "on or about the 4th day of March, 1920." There was testimony to this effect and the jury so found. We do not regard this portion of this exception as of any merit and this portion being the basis of exception numbered 7 this ruling disposes of that exception also.

The exception to the court's giving instruction numbered 4 at the request of the prosecution, to wit, "You are further instructed, that emission is not necessary to be proved," is equally without merit. (See 25 Haw. 814.)

The last exception remaining for the consideration of this court is to the effect that no evidence was introduced showing that the crime of sodomy had been committed by the defendant, the only evidence being that the act was

committed *per os*. In England it was held in an early case that the penetration by a man of a human being *per os* was not sodomy. And in several of the states it is held that to constitute the common law offense of sodomy or the similar offense under statutes punishing by the common law generic name sodomy or the infamous crime against nature, it is essential that the penetration be *per anum*, penetration *per os* not being sufficient. The original authority for the rule that sodomy cannot be committed by penetration *per os* is the early English case of *Rex* v. *Jacobs*, Russell & Ryan Crown Cases p. 331, in which the bare principle was announced without supporting reasons. Other authorities which appear to us to be supported by the better reasoning hold, and we so decide, that under the common law one could be convicted of the crime of sodomy or the crime against nature where the act was committed by penetration of the mouth. *State* v. *Start*, 132 Pac. (Ore.) 512; *Glover* v. *State*, 101 N. E. (Ind.) 629; *State* v. *Whitmarsh*, 128 N. W. (S. D.) 580; *White* v. *State*, 71 S. E. (Ga.) 135. Our statute does not define the offense any further than to say: "Sodomy, that is, the crime against nature." (R. L. 1915, Sec. 4154.)

In conformity with the weight of authority and of reason as to the common law meaning of those terms, we hold that under our statute the act may be committed *per os* and that the conviction of the defendant must be sustained.

The exceptions are each and all overruled.

*W. H. Beers*, County Attorney of Hawaii, for the Territory.

*H. G. Middleditch* for defendant.