# TERRITORY *v.* ROBERT SLATER.

## No. 1793.

ARGUED FEBRUARY 1, 1928.  DECIDED FEBRUARY 8, 1928.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY PERRY, C. J.

The appellant was tried and convicted under an indictment charging him with having had sexual intercourse with a female, not his wife, under the age of sixteen years and was sentenced to imprisonment for a term of not less than one nor more than three years. The case comes to this court by writ of error.

One of the errors assigned is that the court permitted leading and suggestive questions to be addressed to the prosecutrix while on the witness stand. A careful examination of the transcript of the evidence shows that many efforts were made by the presiding judge in the conduct of the trial to render leading questions unnecessary. With but few exceptions, however, the answers of the complaining witness were all either "yes" or "no". While the witness was at the time of the trial, as well as of the alleged offense, nearly sixteen years of age, yet the presiding judge may well have been satisfied that because of feelings of modesty or for other sufficient reason a complete statement could not be obtained from her without resort to leading questions. It cannot be said upon the record before us that the court erred in permitting the leading questions at the time when they were finally allowed. Such questions are, of course, permissible under proper circumstances in the discretion of the trial judge.

It is also assigned as error that the prosecutrix was permitted to testify that the defendant had had sexual intercourse with her, using that expression, without being required to state in detail the acts believed by her to constitute intercourse,—the claim being advanced that she may have entertained an erroneous idea of what facts were necessary to constitute that offense and

may have believed that penetration was not necessary. Under some circumstances, there can be no doubt, it would be erroneous to permit a complaining witness to testify that the defendant had committed the offense charged, as, for example, robbery or murder, those terms being technical and not generally understood with exactness. The term "sexual intercourse," however, is one in common usage and its correct meaning is generally understood by those who have attained to years of discretion. The witness in this instance was first asked whether she knew what the term meant and replied in the affirmative. She was then asked whether on the evening in question the defendant had sexual intercourse with her and replied that he did and that he did so twice. It was competent for the jury under the circumstances to believe that the witness was using the term in its generally understood sense, which would include the fact of penetration. If the defense presented had been (as it was not) that there was no penetration, or if it was desired to show that the witness had an erroneous view as to what constituted intercourse, she should have been cross-examined so as to bring out those facts.

The third assignment of error, to the effect that the evidence was insufficient to support the verdict, is based upon the same ground that there was no evidence of penetration and is disposed of by the same ruling.

The court instructed the jury that in a case of this nature the evidence of the prosecutrix, if believed by the jury, was sufficient to sustain a conviction, even though uncorroborated by other evidence, and refused to give an instruction asked by the defendant to the effect that such corroboration was indispensable. In this there was no error. *Republic* v. *Parsons*, 10 Haw. 601, 606.

It is further assigned as error that one Mrs. Kimura was permitted to testify that on the morning of the day following that upon which the alleged intercourse occurred, the prosecutrix had told her, in answer to questions, that on the preceding day the defendant had had intercourse with her, and was further permitted to give in evidence all of the details of the alleged offense as narrated to her by the complaining witness. All of this testimony of Mrs. Kimura's was objected to by the defendant and an exception was duly noted to the overruling of the objection. The objection was specifically based upon the ground that under the indictment in this case consent or absence of consent on the part of the prosecutrix was immaterial and that the offense was committed if the intercourse was had and if the girl was less than sixteen years of age and was not the wife of the defendant. Under indictments charging rape, an offense in which the element of force is an essential ingredient, it is well established that the prosecution may, in its case in chief, if the prosecutrix is a witness, introduce evidence to the effect that the prosecutrix made complaint to others of the attack by the defendant. This is based upon the fact that it is but natural for an innocent woman who has been thus outraged to make immediate complaint of the occurrence to her mother or to some other person standing in a confidential relation to her; and that, if the prosecution were not permitted to introduce evidence of the complaint the jury might draw the inference that the prosecutrix had not made any such complaint and that her silence was inconsistent with her claim that the intercourse was had by force and against her will. Consent to the illicit act would, of course, be a perfect defense to a charge of rape. The crime charged against the defendant and rape are entirely distinct offenses. The statute under which the defendant was indicted (R. L. 1925, Sec. 4440, as amend-

ed by Act 46, Laws of 1925) provides that "whoever shall be convicted of having sexual or carnal intercourse with any female in the territory, under the age of sixteen years, not his lawful wife, shall be imprisoned at hard labor" for a stated time. Absence of consent or resistance by the woman or use of force by the man is not an essential of the offense. Even though there is complete consent on the part of the woman, the offense is nevertheless committed.

The general rule of trials excludes all hearsay testimony. The evidence of Mrs. Kimura was clearly hearsay and its admission was not justified by the considerations which have led courts to create the exception in cases of rape. The usual course in cases of intercourse had with the consent of both parties is to maintain silence on the subject. The same considerations which lead to the adoption of the main rule excluding hearsay testimony are applicable in cases like the one at bar. Evil-disposed persons might be moved to make untrue complaints to others if it were known that such complaints would be later admissible in evidence to strengthen or corroborate the testimony of such persons.

It was error to have received the testimony of Mrs. Kimura. Under the circumstances of the case it was clearly prejudicial error. Mrs. Kimura gave a very detailed statement of what she claimed that the prosecutrix told her as to the events of the preceding night. The court charged the jury that the testimony could be regarded as corroborative of that of the prosecutrix. Nor was the error cured by the failure of the defendant to object to the question later asked another witness, Mrs. Whitehead, "State whether or not she made any statement or complaint to you about anything that happened to her the night before," or to move to strike out the answer, "She did." Mrs. Whitehead gave no details of the complaint. She made this mere reference

to the fact of the complaint, although she added testimony to the effect that the girl had led her to the Wailuku Hotel premises, meaning evidently that that was the place of the occurrence. Mrs. Whitehead did not attempt to give the particulars of the charge as related to her by the prosecutrix, if they were related to her. Her testimony did not cover any of the details which may have been considered by the jury convincing as to the defendant's guilt. "The introduction of similar testimony which does not cover nearly all the matters erroneously admitted, does not cure the error." 17 C. J. 322.

The verdict and the sentence are set aside and a new trial is granted.

*S. B. Kemp* and *A. E. Jenkins* (*A. E. Jenkins* and *Huber, Kemp & Stainback* on the briefs) for plaintiff in error.

*E. R. Bevins,* County Attorney of Maui (*Wendell F. Crockett,* Deputy County Attorney of Maui, with him on the brief), for the Territory.