(No. 31506.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ANTHONY G. WHITHAM, Plaintiff in Error.

*Opinion filed September 21, 1950.*

JULIAN C. RYER, of Chicago, for plaintiff in error.

IVAN A. ELLIOTT, Attorney General, of Springfield, and JOHN S. BOYLE, State's Attorney, of Chicago, (JOHN T. GALLAGHER, IRVIN LANG, and RUDOLPH L. JANEGA, all of Chicago, of counsel,) for the People.

Mr. JUSTICE FULTON delivered the opinion of the court:

Plaintiff in error, Anthony G. Whitham, the defendant, was indicted in the criminal court of Cook County. He was found guilty by the verdict of a jury under the first count of an indictment charging him with committing the crime against nature. The court sentenced him to the Illinois State Penitentiary for a term of not less than one nor more than five years.

The proof shows that the crime was committed upon and with a female child, his seven and one-half year old daughter.

It is claimed by defendant that the crime charged is in Illinois capable of being committed only between persons of the same sex, because of the words used in the statute "The infamous crime against nature, either with man or beast." Ill. Rev. Stat. 1949, chap. 38, par. 141.

In the recent case of *People* v. *DeFrates*, 395 Ill. 439, an indictment charging the crime against nature upon a female person was upheld. The holdings of this court in *Honselman* v. *People*, 168 Ill. 172, and *Kelly* v. *People*, 192 Ill. 119, are also adverse to the contention of the plaintiff in error.

The evidence of the prosecuting witness, corroborated by her mother, that the defendant attempted to and did insert the male organ by means of the mouth of his daughter, described a shocking crime which was unnatural and against the order of nature. Testimony by the daughter disclosed that the offense had been repeated on several previous occasions. Defendant insists that the admission of such evidence was error.

In *People* v. *Kraus*, 395 Ill. 233, which had under consideration an indictment charging "crime against nature," this court said, "The general rule is that proof of other acts is inadmissible unless they are a part of the *res gestae*. But an exception, as well established as the rule, is, that in the trial of a defendant for the commission of a crime

involving sex relations, evidence of prior offenses between the defendant and the complaining witness is admissible for the purpose of showing the relation of the parties and to corroborate the testimony of the complaining witness concerning the particular act." The testimony of the prosecuting witness in the present case as to other acts of defendant was positive and admissible to show the familiar relation existing between the defendant and his daughter.

Other objections by defendant as to the insufficiency of the evidence we believe to be without substantial merit. The record as a whole shows that plaintiff in error had a fair trial and the jury was warranted in finding him guilty beyond all reasonable doubt. The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*