## TERRITORY OF HAWAII *v.* JOSEPH CHRISTOPHER BELL.

### No. 4029.

ARGUED OCTOBER 2, 1958.  DECIDED OCTOBER 9, 1958.

RICE, C. J., STAINBACK AND MARUMOTO, JJ.

OPINION OF THE COURT BY STAINBACK, J.

Defendant, Joseph Christopher Bell, was indicted on two counts, one for rape and one for sodomy, by the grand jury of the first judicial circuit of the Territory of Hawaii. Defendant entered a plea of not guilty to both counts but was allowed to withdraw his plea of not guilty as to Count II (sodomy) in order to file a demurrer to that count. The demurrer was overruled; thereafter a trial by jury was had and a verdict of guilty as to both counts was returned. Defendant was sentenced on Count I to prison for a term not to exceed forty years and a concurrent term of twenty years on Count II. A writ of error was issued to this court in accordance with section 253-5, Revised Laws of Hawaii 1955.

Defendant contends that the act charged in Count II of the indictment does not constitute the crime of sodomy.

Section 11681 of the Revised Laws of Hawaii 1945 (now section 309-34, Revised Laws of Hawaii 1955) reads:

"Sodomy defined; penalty. Whoever commits sodomy, that is, the crime against nature, either with mankind or any beast, shall be punished by a fine not exceeding one thousand dollars, and by imprisonment at hard labor not more than twenty years."

Count II of the indictment is as follows:

"And the Grand Jury of the First Judicial Circuit of the Territory of Hawaii do further say and present, in order to charge the said Joseph Christopher Bell with the offense of Sodomy arising out of the act and transaction connected together with the act and transaction set forth in the First Count of this Indictment, that the said Joseph Christopher Bell, at the City and County of Honolulu, Territory of Hawaii, and within the jurisdiction of this Honorable Court on or about the 23rd day of June, 1955, unlawfully, wilfully, feloniously and against the order of nature, did put his penis into the mouth of * * *, a female person, then and thereby committing the offense of Sodomy * * *."

The Hawaiian statute was enacted in 1869 and there have been no amendments to the original Act. This statute, like those in most other jurisdictions, gives no definition of the crime.

The early writers on the English common law, as they stated out of regard for the sentiments of decency, treated the offense as one not fit to be described.

Coke described the crime as a "detestable and abominable sin, amongst Christians not to be named, committed by carnal knowledge against the ordinance of the Creator, and order of nature, by mankind with mankind, or with brute beast, or by womankind with brute beast."

Bacon's Abridgement (9 Bacon's Abridgement 158) says it is "an unnatural copulation between two human creatures or between a human and a brute creature."

Bishop's New Criminal Law (vol. 2, § 1191) defines sodomy as a "carnal copulation by human beings with each other against nature, or with a beast."

The crime of sodomy derives its name from the City of Sodom where, according to the Bible, it was a common practice. The pro-

hibition, as set forth in Leviticus 18:22, is "Thou shalt not lie with mankind, as with womankind; it is abomination."

In England at an early date, apparently following the Biblical definition, it was held that the penetration by a man of a human being per os was not sodomy, but this rule was later reversed.

"The original authority for the rule that sodomy cannot be committed by penetration *per os* is the early English case of *Rex* v. *Jacobs,* Russell & Ryan Crown Cases p. 331, in which the bare principle was announced without supporting reasons. Other authorities which appear to us to be supported by the better reasoning hold, and we so decide, that under the common law one could be convicted of the crime of sodomy or the crime against nature where the act was committed by penetration of the mouth. [Citing cases.] Our statute does not define the offense any further than to say: 'Sodomy, that is, the crime against nature.' (R. L. 1915, Sec. 4154.)

"In conformity with the weight of authority and of reason as to the common law meaning of those terms, we hold that under our statute the act may be committed *per os* and that the conviction of the defendant must be sustained." (*Territory* v. *Wilson,* 26 Haw. 360, 362.)

It is stated in 48 American Jurisprudence 549 as follows:

"The crime of sodomy, broadly and comprehensively speaking, consists of unnatural sexual relations as between persons of the same sex, or with beasts, or between persons of different sex, but in an unnatural manner."

At page 550 it continues:

"In several jurisdictions it is held that to constitute the common-law offense of sodomy or the similar offense under statutes punishing by the common-law generic name 'sodomy' or the infamous crime against nature, it is essential that the penetration be per anum, penetration per os not being sufficient. Other authorities, however, which seem to preponderate, and to be supported by the better reasoning, hold that sodomy as used in connection with statutes prohibiting the crime against nature in-

cludes all acts of unnatural carnal copulation with mankind or beast, and that the crime of sodomy or the crime against nature is committed where the act consists of penetration of the mouth."

There is much criticism of making a crime out of homosexual or other unnatural sexual relations, this criticism being particularly widespread in England at this time, but the remedy, if any, is a matter for the legislature.

While it would seem the early writers on the English common law and the early legislators were over nice in refusing to set out in detail the elements of the offense, the construction given similar statutes, and our own statute in *Territory* v. *Wilson*, brings this case within the rule of *stare decisis*.

We admit that "stare decisis, in statutory construction, is a useful rule, not an inexorable command," (*Kamau & Cushnie* v. *Hawaii County*, 41 Haw. 527, 550, quoting Mr. Justice Reed), yet after construction of a statute by the court and failure of the legislature to modify it, the legislature thereby approves such construction. (*Helvering* v. *Hallock*, 309 U. S. 107.)

We see no reason for attempting to reverse the holding of this court long acquiesced in by the legislature.

The contention is also made that sodomy cannot be committed by a man with a member of the opposite sex. The authorities holding that sodomy may be committed with members of the opposite sex per os are numerous. See 48 American Jurisprudence, *supra;* *People* v. *Whitham*, 406 Ill., 593, 94 N. E. (2d) 506 (1950); *People* v. *De Frates*, 395 Ill., 439; *Lewis* v. *State*, 36 Tex. Cr. 37, 35 S. W. 372.

In *State* v. *Guerin*, 51 Mont. 250, 152 Pac. 747 (1915), the statute read "Every person who is guilty of the infamous crime against nature, committed with mankind or with any animal, is punishable * * *." It was held that "mankind" in the statute included the female as well as the male.

See also *Adams* v. *State*, 48 Tex. Cr. Rep. 90, 86 S. W. 334, 122 Am. St. Rep. 733 (1905); *People* v. *Coleman*, 53 Cal. App. (2d) 18, 127 P. (2d) 309 (1942). There are numerous other authorities with similar holdings.

As stated in 81 Corpus Juris Secundum 370, "The sex of accused is ordinarily immaterial to the commission of the crime, and under a statute punishing 'the infamous crime against nature, either with man or beast,' the offense may be committed between persons of the opposite sex."

It is alleged as error that the trial court permitted the prosecutor to examine defendant on prejudicial, unfair and inflammatory matters designed to arouse and inflame the bias and prejudice of the jury.

On the night of the offenses of rape and sodomy the complaining witness was accompanied by her aunt. The defendant took the stand and testified and thereby became a witness subject to cross examination as other witnesses. (*Rep. Haw.* v. *Luning*, 11 Haw. 390.) He was cross examined in much detail on the happenings between himself and both girls. We think there was no abuse in the court permitting the questions complained of, the following statement being made:

> "THE COURT: He can cross-examine the Defendant as to what occurred that night, or what he said occurred that night. He is the Defendant. He is not a witness. He is more than a witness, he is the defendant. For that reason, and he has already opened the door by saying, or by implication saying he was with these girls, and secondly, that he never used any force or threats. On that basis he has opened the door to cross-examination as to what occurred that night and as to what he stated to somebody else, what he stated to the officers, if it covers that particular feature. You may have a running objection and exception to my ruling."

There was an objection to the instruction that "I further instruct you that it is not essential to a conviction in this case that the testimony of the prosecutrix be corroborated by other evidence." *Republic of Hawaii* v. *Edwards,* 11 Haw. 571, held that a jury may convict in a case of sodomy on the uncorroborated testimony of the complaining witness. See also *Territory* v. *Slater,* 30 Haw. 308. Further, an examination of the record reveals ample corroborative evidence sufficient to sustain the conviction of rape and of sodomy. The testimony at great length fully corroborates both the

acts of sodomy and rape of the complaining witness by the defendant.

Affirmed.

*Katsugo Miho* (also on the briefs) for plaintiff in error.

*Takashi Kitaoka,* Assistant Public Prosecutor (*Kenneth W. Harada,* Assistant Public Prosecutor, on the brief), was present but not required to argue.