**The People of the State of Illinois, Plaintiff-Appellee, v. Harold W. Fickes, Defendant-Appellant.**

**Gen. No. 10,848.**

Fourth District.

December 6, 1967.

Robert B. Borchers, of Decatur, for appellant.

Basil G. Greanias, State's Attorney of Macon County, of Decatur (J. Daniel King, Assistant State's Attorney, of counsel), for appellee.

CRAVEN, P. J.

This appeal arises from denial of a post-trial motion after defendant's conviction, entered upon a verdict of the jury, of the crime of deviate sexual assault. The defendant was sentenced to the penitentiary for a term of not less than eight nor more than fourteen years. The indictment charged Harold W. Fickes with deviate sexual assault upon Larry W. Lobb on May 5, 1966, at about 8 a. m., in the Macon County jail where both were inmates.

The statute defining the offense (Ill Rev Stats 1965, c 38, § 11–3(a)) states:

> "Any person of the age of 14 years and upwards who, by force or threat of force, compels any other person to perform or submit to any act of deviate sexual conduct commits deviate sexual assault."

The defendant's main contentions are: (a) The particular crime charged in the indictment was never shown by the evidence to have occurred, i. e., an act of deviate sexual conduct at 8 a. m., on May 5, 1966, (b) the State failed to

show that any deviate sexual conduct occurred through force or the threat of force, and (c) the court allowed prejudicial evidence of other acts of the defendant and other inmates which constituted crimes similar to the offense charged, which rulings resulted in additional prejudicial error regarding argument to the jury and instructions in violation of defendant's constitutional right to a fair trial.

■ The constitutional question will be discussed first, since, if there is substance to it, this court must transfer the case to the Supreme Court. The defendant's chief constitutional claim rests upon an allegation that the introduction of evidence of offenses other than those charged in the indictment subjects the defendant to possible double jeopardy since the other offenses constituted separate acts and transactions. We are unable to agree that such a constitutional question is raised by this situation. Rather, the issue is whether such evidence was properly admitted in this case as tending to prove the offense charged. The fact that crimes might be shown by such evidence which were not the subject matter of the indictment is not of constitutional significance in the sense of double jeopardy unless and until a formal attempt is made to prove those crimes in a direct attempt to obtain a conviction for them.

We need not, in this case, speculate on some possible future proceeding. We cannot anticipate all of the problems which might arise if the State attempts subsequent prosecution upon the defendant's conduct toward Lobb. The present issue is whether the defendant was properly convicted.

■ The defendant is obviously correct in stating that evidence which tends to show the commission of other crimes by the defendant is inflammatory, and the right of the State so to do is circumscribed. However, the rules and guidelines laid down by the courts for the admission

of such evidence have been couched in terms of relevancy and materiality within the framework of the adjective law of evidence, not upon the substantive law of constitutional rights. See the discussion of the law in this regard in People v. Brown, 26 Ill2d 308, 186 NE2d 321, 325 (1962).

Therefore, a constitutional basis for this appeal is lacking and the appeal may be disposed of on statutory and decisional law.

Turning now to the facts. The victim of the crimes charged, Larry W. Lobb, at the time of these events, was eighteen years old. Psychiatric testimony established his intellectual status as a moron with faulty memory retention. The defendant, the victim, and the other occurrence witnesses were inmates in the north section of the Macon County jail which was made up of separate cells, a shower stall at one end of the line of cells, and a long open area or "bull pen" adjacent to the individual cell doors. On May 2, 1966, Lobb was confined to cell 3. Fickes and certain of the witnesses were already inmates of other cells in this section of the jail. Others were admitted to confinement there during the next four days. During this period of time, Lobb committed several acts of fellatio upon defendant, upon one Jim E. Myers and others. There was evidence that defendant deprived Lobb of food and made him clean cell bars and the shower area. Defendant also arranged a fight between Lobb and three other inmates, Fecht, Smith and Bender, promising that Lobb would be subjected to no more indignities if he won. Defendant also abused Lobb with words and forced him to ask a large group of prisoners, on his hands and knees, if they wanted him to orally gratify their sexual desires. There is no evidence of any particular act which occurred on the date or at the time alleged in the indictment.

There was competent evidence of many separate acts between the defendant and Lobb which constituted

deviate sexual conduct. Any one of such acts could have been shown by the State in an attempt to prove the charge in the indictment of deviate sexual assault. But having proved the deviate conduct, the State was required to go further and offer evidence that the conduct occurred through force in order to make a prima facie case. One of the defenses interposed by defendant is that the State failed as a matter of law to prove the use of force or threat of force in any of these transactions. We believe these questions are intertwined and have come to the following conclusions regarding them.

■ First, the State's failure to indicate which of the transactions was the transaction upon which it relied for making its prima facie case is not fatal to this conviction since each of the transactions was well within the statute of limitations. The indictment did advise the defendant of the type of conduct of which he was accused and the place and venue of the crime.

■ The fact that proof of the crime charged in the indictment fails to show the commission was at the exact time and exact date alleged in the indictment does not result in a failure to prove the offense. People v. Petropoulos, 34 Ill2d 179, 214 NE2d 765 (1966); People v. Zampa, 41 Ill App2d 468, 191 NE2d 390 (1st Dist 1963).

■ Second, at the time the first such transaction was shown, the State had still not made a prima facie case until it had introduced evidence of force or the use of force. In view of the victim's mentality and the reluctance of the other witnesses to testify in opposition to the defendant, it was proper to introduce evidence of a continuing course of conduct on the part of the defendant in an attempt to prove the requisite element of force. The defendant's conduct toward Lobb tended to prove that Lobb was powerless to do other than the bidding of Fickes and was subject to punishment and further indignities if he should fail to do so.

305

■ Third, the trial court was correct in holding that the many separate acts were relevant on the issue of whether Lobb's conduct was voluntary or the product of force or threat of force. In this case, the testimony concerning the many separate acts was admissible to show that the defendant compelled the conduct of the victim. See People v. Marmon, 389 Ill 478, 59 NE2d 808 (1945); People v. Melquist, 26 Ill2d 22, 185 NE2d 825 (1962); People v. Brown, 26 Ill2d 308, 186 NE2d 321 (1962); People v. Whitham, 406 Ill 593, 94 NE2d 506 (1950).

■ Fourth, although the evidence was in conflict and categorically denied by the defendant, the jury, as the trier of fact, was entitled to believe or disbelieve what each particular witness said. The existence of a conflict in the evidence does not void a conviction for failure to prove the defendant's guilt beyond a reasonable doubt. The evidence of the witnesses who testified for the State in this case was not improbable or incredible. Such evidence supports the verdict to the requisite degree.

The trial court properly ruled in allowing the State to introduce evidence of the defendant's conduct toward Lobb during Lobb's incarceration in the cell block in question, under the circumstances of this case. This conduct was properly passed upon by the jury in determining whether the element of force was present with respect to these acts.

For the above and foregoing reasons, the judgment of the circuit court of Macon County is affirmed.

Affirmed.

SMITH and TRAPP, JJ., concur.